**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ARCHIBALD, | No. C 06-03806 SI |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH PREJUDICE AND DENYING IN FORMA PAUPERIS APPLICATION** |
| v. | |
| BOSS, et al., | |
| Defendants. | |

Plaintiff filed this action on March 24, 2006, seeking to recover under a number of different legal theories against Building Opportunities for Self-Sufficiency ("BOSS"), which runs a transitional shelter for homeless individuals in Berkeley, California. On July 6, 2006, the Court dismissed plaintiff's complaint without prejudice, finding that his complaint failed to adequately set forth the basis for federal jurisdiction. While plaintiff's original complaint appeared to contain a federal cause of action for disability discrimination, it implied that plaintiff's sole disability was "homelessness," which is not a disability under federal law.

On July 28, 2006, plaintiff filed his first amended complaint. The amended complaint alleged that plaintiff has both "a psycho-social disorder, yet without criminal disposition," and "nocturnal seizure disorder." First Am. Compl., ¶ 287-88. Plaintiff claimed that both are protected disabilities under the Rehabilitation Act and Americans with Disabilities Act.[1] The Court again dismissed plaintiff's

---

[1] Plaintiff's amended complaint described his sole federal claim as a violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. That statute, however, only bars discrimination in programs receiving federal financial assistance based upon "race, color, or national origin." 42 U.S.C. § 2000d. The Court presumed that defendant intended to base his claim upon analogous provisions of federal statutes prohibiting discrimination on the basis of disability. *See, e.g.*, 29 U.S.C. § 794.

complaint because the basis for federal jurisdiction remained unclear. While plaintiff alleged that he is disabled, he provided no causal connection between his disabilities and the discrimination he allegedly suffered.

The Court also advised plaintiff that the amended complaint was too convoluted to give defendants fair notice of the claims against them. Accordingly, the Court ordered plaintiff to simplify his allegations to ensure that they complied with Federal Rule of Civil Procedure 8.

On October 2, 2006, plaintiff filed a three page "supplemental complaint in response to Judge's request," which the Court presumed was intended to be read together with the first amended complaint as a second amended complaint. In the supplement, plaintiff made two new allegations: (1) that the defendants violated 42 U.S.C. sections 1985 and 1986, and (2) that he was discriminated against on the basis of his religious beliefs because the defendants' allegedly wrongful acts "began as a response . . . to the proclamation of faith in Jesus Christ by the plaintiff." The supplement made no attempt to bolster plaintiff's disability discrimination claims.

On October 14, 2006, the Court dismissed plaintiff's second amended complaint (the supplement), explaining that he had failed to state a claim under 42 U.S.C. sections 1985 and 1986, and that he had failed to state the jurisdictional basis for a religious discrimination claim. The Court allowed plaintiff one final opportunity to amend his complaint. The Court advised plaintiff that his complaints had been too convoluted to give defendants fair notice of the claims against them. Accordingly, the Court advised plaintiff that if he chose to file a third amended complaint, he had to submit a full, new amended complaint rather than simply submit a supplement to his current complaints. The Court also advised plaintiff to simplify his allegations to ensure that they comply with Federal Rule of Civil Procedure 8.

On November 14, 2006, plaintiff filed a one-page "supplemental response to judge's response," in which he appears to assert that the Federal Tort Claims Act provides jurisdiction for his claims. Plaintiff also appears to request more time to amend his complaint.

In 1946, Congress passed the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA"), which waived the sovereign immunity of the United States for certain torts committed by federal employees acting within the scope of their employment. *See FDIC v. Meyer*, 510 U.S. 471, 475-

76 (1994). The FTCA provides that district courts have exclusive jurisdiction of civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b). Defendants in this case are not federal employees, and the FTCA therefore does not apply.

Plaintiff has now had four opportunities, over the course of nine months, to present a complaint that complies with the Federal Rules. He has failed to do so. With each dismissal, the Court has explained to plaintiff the basic pleading requirements, and why his allegations fail to state a claim. Granting plaintiff yet another opportunity to present an adequate complaint would simply be a waste of time and resources for everyone involved, including plaintiff.

For the foregoing reasons, the Court DISMISSES plaintiff's third amended complaint with prejudice, and DENIES his in forma pauperis application.

**IT IS SO ORDERED.**

Dated: November 30, 2006

SUSAN ILLSTON
United States District Judge