IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRIAN ARCHIBALD,

    Plaintiff,

v.

BOSS; CITY OF BERKELEY; et al.,

    Defendants.

No. C 06-03806 SI

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION**

On November 30, 2006, after providing him with four opportunities to state a basis for federal jurisdiction, this Court dismissed with prejudice plaintiff Brian Archibald's third amended complaint and denied his *in forma pauperis* ("IFP") application. *See* Docket No. 14. Now before the Court is plaintiff's "Petition for Reconsideration and Reversal," filed on December 7, 2007. In his petition, plaintiff asks the Court to reverse its November 30, 2006 dismissal, grant his IFP application, and order that plaintiff need not pay the $350 filing fee that he owes to the United States District Court as a result of his filing this lawsuit.

The Court construes plaintiff's petition as a motion for reconsideration brought pursuant to Federal Rule of Civil Procedure 60(b)(6), which permits the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Such motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). The Court finds that plaintiff's motion was made within a reasonable time, just over one year after the Court's final judgment and within a few days of the plaintiff's receipt of the "Third & Final Past Due Notice" requiring him to pay his $350 filing fee. Plaintiff's motion for reconsideration is thus properly before the Court.

Plaintiff asks the Court to reconsider its denial of his IFP application. The Court agrees with

plaintiff that his IFP application should have been granted because plaintiff's affidavit states that he is unemployed, has less than $1,000 in assets, and is unable to pay the filing fee. In addition, plaintiff indicates in his recently-filed motion that he continues to be unable to pay the $350 filing fee. Assuming that plaintiff is being truthful, plaintiff is within the parameters necessary to grant an IFP application. 28 U.S.C. § 1915(a)(1). For this reason, plaintiff's application to proceed without the payment of a filing fee is retroactively GRANTED and plaintiff need not pay the $350 filing fee.

Plaintiff also asks the Court to reconsider its dismissal of his third amended complaint. For the reasons stated in the November 30, 2006 order, as well as other prior orders, the Court continues to hold that plaintiff's complaint fails to state a claim on which relief may be granted. Dismissal was therefore appropriate under the second stage of the IFP analysis. 28 U.S.C. § 1915(e)(2)(B); *Cato v. United States*, 70 F. 3d 1103, 1106 (9th Cir. 1995) (noting that a court may dismiss an action under § 1915 if the "complaint neither identifies any constitutional or statutory right that was violated nor asserts any basis for federal subject matter jurisdiction . . ."). Accordingly, the Court DENIES plaintiff's motion to reconsider its dismissal of plaintiff's third amended complaint.

## CONCLUSION

For all of the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART plaintiff's motion for reconsideration [Docket No. 16].

Dated: January 22, 2008

SUSAN ILLSTON
United States District Judge